**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**RICHARD FALCONER**                                                      **PLAINTIFF**

**v.**                                                  **No. 4:02CV310-P-A**

**LASHUNDA MCCRANEY, ET AL.**                                  **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court after the plaintiff and defendants completed briefing required by the court's March 8, 2005, order. The plaintiff alleges that the defendants on several occasions failed to send his outgoing mail. He also alleges that the defendants failed to route his incoming mail properly on one occasion. The plaintiff claims that two female defendants mishandled the plaintiff's mail in retaliation for the plaintiff's act of exposing his genitalia to them.

The defendants argue that the instant case should be dismissed for failure to state a claim upon which relief could be granted for two reasons. First, they argue that the plaintiff cannot recover damages for emotional distress arising out of his mail tampering claim because he has not met the physical injury requirement under 28 U.S.C.A. § 1997e(e). *Geiger v. Jowers*, 2005 WL 639623 (5th Cir. (Tex.)). Further, the defendants argue that the plaintiff fails to state a due process claim for deprivation of property because an inmate does not have the right to have a grievance resolved to his satisfaction. *Id.*

The court finds the defendants' arguments persuasive. The plaintiff has not alleged physical injury, which is a requirement for recovery of emotional damages (the only type of damages alleged in this case):

> No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). As the plaintiff has not met the requirements for filing a prisoner suit in federal court, this claim shall be dismissed with prejudice.

To the extent that the plaintiff claims he was deprived of his property without due process of law, such an allegation fails to state a claim upon which relief could be granted. *Geiger v. Jowers*, 2005 WL 639623 (5th Cir. (Tex.)). In *Geiger*, the plaintiff alleged that, in retaliation for an earlier lawsuit, employees in the mail room acted in conjunction with security officials to withhold and lose the plaintiff's mail – and that the officials charged with handling grievance procedures failed to remedy the situation. In the present case, the plaintiff alleges that the defendants, in retaliation for the plaintiff's lewd display of his genitals, withheld and lost the plaintiff's mail – and that the officials charged with handling his grievance failed to investigate the situation and remedy it. The instant claim is legally identical to the claim in *Geiger*, which was dismissed for failure to state a claim. The plaintiff has provided the court with no reason to hold otherwise. This claim shall thus be dismissed for failure to state a valid claim of deprivation of property.

Finally, a prisoner plaintiff can state a claim of retaliation under 42 U.S.C. § 1983 only if the defendants take action to suppress *constitutionally protected* activity. Clearly, the plaintiff's act of fondling his genitals in view of the two female defendants does not fall under the protection of the Constitution. As such, this claim shall be dismissed as frivolous.

In sum, all of the plaintiff's claims are without merit, and the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted, counting

as a "strike" under 28 U.S.C. §§ 1915 (e)(2)(B)(i) and 1915(g). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 25th day of April, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE